**E-Filed 6/17/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>      v.<br><br>MARCO ANTONIO BARBOSA,<br><br>                  Defendant. | Case Number 5:09-cr-00717-JF<br><br>ORDER[1] DENYING MOTION TO SUPPRESS EVIDENCE<br><br>[re: dkt entry 61 ] |

       Defendant Marco Antonio Barbosa ("Barbosa") is charged with making false statements relating to money received through two crop insurance programs administered by the United States Department of Agriculture ("USDA"). Barbosa moves to suppress statements that he made to USDA investigator Neal Hasheider ("Hasheider") during two separate conversations in March 2007. Barbosa claims that on March 1, 2007, Hasheider appeared unannounced at Barbosa's farm shop and subjected him to a custodial interrogation without advising him of his *Miranda*[2] rights. Barbosa concedes that a subsequent conversation, which occurred on March 8, 2007 at a food court in a local shopping mall, was not custodial, but he argues that statements

---

[1] This disposition is not designated for publication in the official reports.

[2] *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

made during that conversation should be excluded as "tainted" by his earlier unwarned admissions. The Court has considered the moving and responding papers and the oral argument presented at the hearing on May 13, 2011.

The motion will be terminated as moot with respect to statements made by Barbosa on March 1, 2007. The United States represents that it will not seek to use any of those statements in its case-in-chief.[3] The motion will be denied on the merits with respect to statements made by Barbosa on March 8, 2007. The case upon which Barbosa relies, *Missouri v. Seibert*, 542 U.S. 600 (2004), does not apply here. In *Seibert*, the Court addressed a police practice of using a two-stage custodial interrogation technique under which officers deliberately refrain from giving a *Miranda* warning until after a custodial interrogation produces a confession; at that point the officers give the warning and then lead the suspect to cover the same ground a second time. *Seibert*, 542 U.S. at 604. The plurality decision concluded that "Because the question-first tactic effectively threatens to thwart *Miranda's* purpose of reducing the risk that a coerced confession would be admitted, and because the facts here do not reasonably support a conclusion that the warnings given could have served their purpose, Seibert's post-warning statements are inadmissible." *Id*. at 617. The focus of the decision is on the adequacy of the *Miranda* warning given before the second set of statements. In the instant case, the second conversation was not custodial; thus Hasheider was not required to give any *Miranda* warning at all. *See McKune v. Lile*, 536 U.S. 24, 49 (2002) ("we have not required *Miranda* warnings during noncustodial police questioning") (citing *Beckwith v. United States*, 425 U.S. 341 (1976)).

What Barbosa actually appears to be arguing is that the March 8 statements are the "fruit of the poisonous tree" in that he would not have made the March 8 statements had he not made the March 1 statements. The Supreme Court has declined to apply the fruits doctrine when

---

[3] The government does not concede the asserted *Miranda* violation, but even assuming for purposes of this motion that such a violation occurred, the remedy for an officer's failure to administer a *Miranda* warning is exclusion of the unwarned statements from the prosecution's case-in-chief. *See Oregon v. Elstad*, 470 U.S. 298, 307 (1985). The government observes correctly that statements obtained in violation of *Miranda* ordinarily may be used for purposes of impeachment. *See id*. (citing *Harris v. New York*, 401 U.S. 222, 226 (1971)).

analyzing admissibility issues in the context of *Miranda*.  *Seibert*, 542 at 612 n.4 (citing *Oregon v. Elstad*, 470 U.S. 298, 300 (1985)).  "Though Miranda requires that the unwarned admission must be suppressed, the admissibility of any subsequent statement should turn in these circumstances solely on whether it is knowingly and voluntarily made." *Id*. (quoting *Elstad*, 470 U.S. at 309).  The March 8 conversation took place a week after the alleged custodial interrogation on March 1.  Barbosa concedes that he met with Hasheider voluntarily at the shopping mall.  Barbosa also brought a friend to the meeting.  Thus even if *Seibert* and its progeny had any application here, the Court would conclude that the March 8 conversation was so attenuated from the March 1 conversation that no "taint" would preclude admission of the March 8 statements.

**ORDER**

Good cause therefor appearing,

The motion to suppress is TERMINATED AS MOOT as to the March 1 statements and is DENIED on the merits as to the March 8 statements.

DATED: 6/17/2011

JEREMY FOGEL
United States District Judge